UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

AURELIO IXCOX CHUM (A-Number: 240-499-843),

Petitioner,

v.

TODD LYONS, Acting Director, Immigration and Customs Enforcement; SERGIO ALBARRAN, Field Office Director of Enforcement and Removal Operations, San Francisco Field Office, Immigration and Customs Enforcement; MARKWAYNE MULLIN, Secretary of U.S. Department of Homeland Security; U.S. DEPARTMENT OF HOMELAND SECURITY; Warden, Mesa Verde Detention Center; and PAMELA BONDI, U.S. Attorney General,

Respondents.

No.  1:26-cv-02491-KES-EPG (HC)

ORDER GRANTING MOTION FOR PRELIMINARY INJUNCTION AND REQUIRING BOND HEARING WITHIN SEVEN (7) DAYS

Doc. 2

Before the Court is petitioner Aurelio Ixcox Chum's motion for temporary restraining order.  Doc. 2.  The Court has previously addressed the legal issues raised by the motion for temporary restraining order.  *See e.g.*, *Crispin M. C. v. Noem*, No. 1:25-CV-01487-KES-HBK (HC), 2026 WL 70553 (E.D. Cal. Jan. 8, 2026); *J.A.C.P. v. Wofford*, No. 1:25-CV-01354-KES-SKO (HC), 2025 WL 3013328 (E.D. Cal. Oct. 27, 2025); *Lepe v. Andrews*, 801 F. Supp. 3d 1104 (E.D. Cal. 2025).

1

The Court set a briefing schedule on the motion for temporary restraining order and ordered respondents to show cause as to whether there are any factual or legal issues in this case that distinguish it from the Court's prior orders and that would justify denying the motion. Doc. 5. The Court also ordered respondents to state their position on whether the motion should be converted to a motion for preliminary injunction and whether they request a hearing. *Id.* Respondents do not object to converting the motion. *See* Doc. 8 at 1. Respondents indicate that if the Court rejects their statutory argument that petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b), then "Petitioner's claim that he is subject to detention under section 1226(a) would be true." *See id.* While respondents oppose the motion, they do not raise any new legal arguments concerning the detention authority applicable to petitioner. *See id.* at 4. Respondents assert that the proper remedy is a post-deprivation bond hearing because they allege petitioner ran upon seeing officers and resisted arrest, and petitioner did not have any pending applications for relief with immigration authorities. *See id.* at 6.

As respondents have not made any new legal arguments regarding the applicable statutory authority to detain petitioner to distinguish this case from the Court's prior decisions in *Crispin M. C. v. Noem*, No. 1:25-CV-01487-KES-HBK (HC), 2026 WL 70553 (E.D. Cal. Jan. 8, 2026), *J.A.C.P. v. Wofford*, No. 1:25-CV-01354-KES-SKO (HC), 2025 WL 3013328 (E.D. Cal. Oct. 27, 2025), and *Lepe v. Andrews*, 801 F. Supp. 3d 1104 (E.D. Cal. 2025), the motion for temporary restraining order is converted to a motion for preliminary injunction and GRANTED, for the reasons stated in those prior orders.

Respondents are ORDERED to provide petitioner Aurelio Ixcox Chum (A-Number: 240-499-843) with a bond hearing before a neutral arbiter pursuant to section 1226(a) and its implementing regulations within seven (7) days of the date of this Order. Respondents shall immediately provide petitioner with a copy of this Order and shall provide him with 48 hours' written notice before the bond hearing.

The security bond requirement of Federal Rule of Civil Procedure 65(c) is waived. Courts regularly waive security in cases like this, and the government has not established a need to impose a security bond.

2

This matter is referred to the assigned magistrate judge for further proceedings, including the preparation of findings and recommendations on the petition for writ of habeas corpus or other appropriate action.

IT IS SO ORDERED.

Dated:   April 7, 2026

_____
UNITED STATES DISTRICT JUDGE

3